**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 10-20867-CR-GRAHAM/GOODMAN**

UNITED STATES OF AMERICA,

v.

CHRISTINA GRICE,

      Defendant.

_____/

**REPORT AND RECOMMENDATIONS**
**ON RESTITUTION FOR CHRISTINA GRICE**

THIS MATTER is before the Court upon the District Court's Order of Reference for a report and recommendations with respect to matters regarding restitution.  (DE# 36.)  After reviewing the case file, the Undersigned respectfully recommends that the District Court order Defendant to pay **$3,000.00** in restitution pursuant to the terms and conditions stipulated to by the parties.

**I.  BACKGROUND**

On April 6, 2011, Defendant pled guilty to a one count superseding information charging her with conspiracy to commit sex trafficking of minors, in violation of 18 U.S.C. § 1594(c), all in violation of 18 U.S.C. § 371.  (DE# 29.)  On June 20, 2011, the District Court sentenced Defendant to sixty months imprisonment followed by three years supervised relief.  (DE# 35; DE# 38.)  The District Court reserved a determination on the issue of restitution at sentencing for ninety days and subsequently referred the matter to the Undersigned for a report and recommendations within sixty days on June 21, 2011.  (DE# 36.)

The deferment noted in the criminal judgment mirrors the ninety day window specifically mentioned in 18 U.S.C. § 3664(d)(5), which is part of the Mandatory Victims Restitution Act.  That subsection provides, in relevant part:  "If the victim's losses are not ascertainable by the date that is 10 days prior to sentencing, the attorney for the Government or the probation officer shall so inform the court, and the court shall set a date for the final determination of the victim's losses, not to exceed 90 days after sentencing."

The Undersigned originally scheduled a restitution hearing for July 14, 2011.  (DE# 37.)  On July 12, 2011, the government filed an agreed motion requesting that the Court continue the restitution hearing until at least August 4, 2011.  (DE# 39.)  The government indicated in its motion that the victims needed more time to ascertain losses (medical and counseling expenses).[1]  The Court granted the motion and rescheduled the restitution hearing for August 8, 2011.  (DE# 40.)

On August 5, 2011, however, the government notified the Court that the victims, the government, and Defendant had worked out a proposed restitution stipulation and requested that the Court cancel the restitution hearing.  The Court instructed the government to file the proposal, which it did shortly thereafter that same day.  (DE# 42.) Because the initial proposal omitted essential information, such as when the restitution payment is to be made, whether restitution will be made in a single lump sum or over

---

[1]      The Presentencing Investigation Report dated June 20, 2011, indicated that "the victims' losses are not yet ascertainable."  (¶ 103.)  After the submission of that report and the filing of the motion to continue, this circumstance was confirmed again by a probation office memorandum dated July 26, 2011.  The memorandum confirmed that, as of that later date, a precise estimate of the appropriate restitution amount was still unavailable but that the mothers of the two minor victims intended eventually to provide an estimate regarding the cost of psychological treatment.

time and, if over time, the terms of the payment schedule, the Court entered an order advising the parties that it would reconsider cancelling the hearing if a revised, timely proposal containing these details was submitted. (DE# 43.) The government filed a revised restitution stipulation containing the previously omitted details. (DE# 44.) This stipulation proposed that Defendant would pay $3,000.00 in restitution to the victims, to cover the victims' projected therapy costs. This stipulation also contained the following additional details:

> During the period of incarceration, payment shall be made as follows: (1) if the defendant earns wages in a Federal Prison Industries (UNICOR) job, then the defendant must pay 50% of wages earned toward the restitution amount owed. (2) if the defendant does not work in a UNICOR job, then the defendant must pay a minimum of $25.00 per quarter toward the restitution amount owed. Upon release from incarceration, the defendant shall pay restitution at the rate of 10% of monthly gross earnings, until such time as the Court may alter that payment schedule in the interests of justice. The U.S. Bureau of Prisons, U.S. Probation Office and U.S. Attorney's Office shall monitor the payment of restitution and report to the Court any material change in the defendant's ability to pay. These payments do not preclude the government from using any other anticipated or unexpected financial gains, assets or income of the defendant to satisfy the restitution obligations.

## II. LEGAL STANDARD

Under 18 U.S.C. § 3664(d)(5), the Court is required to hold a hearing to determine restitution within 90 days after sentencing. If disputed, it is the government's burden to prove by a preponderance of the evidence the appropriate amount and type of restitution. 18 U.S.C. § 3664(e). The sentencing court has "substantial discretion over the entire process leading to a possible restitution order." *United States v. Richard*, 738 F.2d 1120, 1122 (10th Cir. 1984). But once sufficient proof of the loss is offered, the Court must order restitution to each victim in the full amount of each victim's losses as

determined by the Court and without consideration of the economic circumstances of the defendant.  18 U.S.C. § 3664(e)-(f).

"It is apodictic that restitution can **only** be ordered to redress a **loss to a victim**." *United States. v. Vankin*, 112 F.3d 579, 591 (1st Cir. 1997) (emphasis added).   A restitution order should be framed to compensate a victim for the losses sustained directly by the victims from the defendant's offense.  *United States v. Sablan*, 92 F.3d 865, 870 (9th Cir. 1996) (partially reversing restitution order because it improperly included consequential damages not caused by defendant).  *See generally also United States v. Messner*, 107 F.3d 1448, 1455 (10th Cir. 1997) (reversing part of restitution order premised on fraudulent concealment of assets because the concealment did not actually cause the loss); *United States v. Diamond*, 969 F.2d 961 (10th Cir. 1992) (holding that, under the pre-1990 amendment to the restitution statute, a defendant convicted of filing false reports to the Small Business Administration could not properly be sentenced to pay restitution in the amount of the SBA's total loss on the loan to defendant's business without evidence that the false reports caused the entire loss).

### III. ANALYSIS

This case involved the sex trafficking of two minors and, understandably so, it appears from the record that the two girls involved now require psychological therapy to deal with their experience.   The government represents that $3,000.00 "covers the projected therapy costs for the two individual victims in this case" and Defendant agrees this is the correct amount.  (DE# 44.)  There is also no record evidence or allegation that the victims suffered any other compensable loss.   Consequently, it appears that the

proposed stipulation satisfies the dual statutory concerns relating to full victim compensation and sufficient evidence of loss, as well as all other requirements.

I therefore respectfully recommend that the District Court adopt (DE# 44) the parties' proposed stipulation and enter a restitution order requiring Defendant to pay victim restitution in the amount of $3,000.00 on the schedule and terms provided for in the stipulation.

CASE NO.: 10-20867-CR-GRAHAM/GOODMAN

## IV. OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1) and Local Magistrate Rule 4(b), the parties have seven (7) days from the date of this Report and Recommendation to serve and file written objections, if any, with the District Court.  Each party may file a response to the other party's objection within one (1) day of receiving the other party's objections.[2] Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the report and bar the parties from attacking on appeal the factual findings contained herein.  *RTC v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) (citing *LoConte v. Dugger*, 847 F.2d 745, 749-50 (11th Cir. 1988), *cert. denied,* 488 U.S. 958)).

**RESPECTFULLY RECOMMENDED** in Chambers, at Miami, Florida, this 8th day of August, 2011.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**

The Honorable Donald L. Graham

All counsel of record

---

[2]    I find that it is appropriate to shorten the objections period on account of my recommendation that the District Court adopt the parties' stipulation.

6